UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

WALTER PAUL HOPPE,

Plaintiff,

v.

STEPHEN P. LARSON, et al.,

Defendants.

Civil No. 01-255 (MJD/JGL)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on February 9, 2001, by filing a pleading entitled "Complaint For Violation of Civil Rights Under 42 U.S.C. section 1983." (Docket No. 1.) He did not pay the filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

When Plaintiff commenced this action, he was incarcerated in the Stearns County Jail. Because of his status as a prisoner-litigant, (see 28 U.S.C. § 1915(h)), Plaintiff's IFP application is subject to the requirements of the Prison Litigation Reform Act

FILED MAR 1 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

of 1995, ("PLRA"). This means, inter alia, that he is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $19.60. However, Plaintiff did not tender his statutorily required initial partial filing fee with his complaint and IFP application. Therefore, by order dated February 13, 2001, (Docket No. 3), Plaintiff was instructed to tender the required partial fee payment of $19.60 within thirty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due. The only communication that has been received from Plaintiff since he filed his complaint and IFP application is a letter that he wrote to the Clerk of Court. (Docket No. 4), That letter, which was received on March 3, 2001, includes only the following cryptic statement:

> "Please hold in abeyance the above mentioned case. I still plan to pursue this case after I exhaust all my state remedies. Thank you in advance for your time."

Assuming Plaintiff's letter is intended to be a formal motion to stay these proceedings for some unspecified period of time, (which is giving the letter the benefit of a very liberal construction), it is recommended that the motion be denied. Even if there

were proper grounds for granting a stay, (which is clearly not the case[1]), Plaintiff has not shown any valid reason why he should be excused from the filing fee requirements of § 1915(b). If a plaintiff does not pay the $150 filing fee required by 28 U.S.C. § 1914(a), and does not qualify for IFP status, then his action should not be entertained at all. See 28 U.S.C. § 1914(c); Local Rule 4.2(c). In this case, Plaintiff has not paid the $150 filing fee, and he has not qualified for IFP status because he has not complied with the prisoner filing fee requirements prescribed at § 1915(b). Therefore, his current case, including his request for a stay, should not be entertained.

The Court's previous order clearly warned Plaintiff that his action would be subject to dismissal if he did not pay his initial partial filing fee at this time. Because he has failed to do so, he should be deemed to have abandoned this action, and the case should be summarily dismissed pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority

---

[1] Plaintiff's request for a stay may have been prompted by the Court's previous observation that his claims appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). (See Order dated February 13, 2001; p. 3, fn. 1.) Heck bars federal civil rights actions where a judgment for the plaintiff would cast doubt on the validity of a state criminal case, unless the plaintiff has already been absolved of guilt in the criminal case. The instant Plaintiff apparently wants his current civil rights claims stayed until after his state criminal case has been resolved in his favor. However, our Court of Appeals has clearly indicated that cases such as this one should be dismissed (without prejudice), rather than being stayed until the plaintiff achieves a favorable resolution of his criminal case. Sheldon v. Hundley, 83 F.3d 231, 234 (8th Cir. 1996) (after Heck, "federal courts should no longer stay prematurely filed § 1983 lawsuits... [citation omitted], but should dismiss them without prejudice instead").

to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

It is further recommended that the action be dismissed without prejudice, so that the dismissal of the present action will not, by itself, bar Plaintiff from attempting to prosecute his current claims in a new action filed sometime in the future.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), be **DENIED**;

2. Plaintiff's request for a stay, (Docket No. 4), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March 9, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 5, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.